1 | Peter R. Afrasiabi (Bar No. 193336)
  | pafrasiabi@onellp.com
2 | **ONE LLP**
  | 4000 MacArthur Boulevard
3 | Each Tower, Suite 500
  | Newport Beach, CA 92660
4 | Telephone: (949) 502-2870
  | Facsimile:  (949) 258-5081
5 |
6 | Joanna Ardalan (Bar No. 285384)
  | jardalan@onellp.com
7 | **ONE LLP**
  | 9301 Wilshire Boulevard
8 | Penthouse Suite
  | Beverly Hills, CA 90210
9 | Telephone: (310) 866-5157
  | Facsimile:  (310) 943-2085

10 | *Attorneys for Plaintiff,*
   | Backgrid USA, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| BACKGRID USA, INC., a California corporation, | Case No.: |
|---|---|
| Plaintiff. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| SILDAN CORPORATION, d.b.a. Illesteva, a Florida corporation; DOES 1-10, | |
| Defendants. | |

**COMPLAINT**

Plaintiff Backgrid USA, Inc. complains against Defendant Sildan Corporation doing business as Illesteva ("Illesteva") and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants availed themselves to this district. Specifically, Defendants reside in this district and infringed Plaintiff's photographs in this district. Defendants have stores in Santa Monica and at the Grove Shopping Center in Los Angeles, California.

## PARTIES

3. Plaintiff Backgrid USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. On information and belief, Defendant Sildan Corporation is a Florida Corporation, with its principal place of business in New York, New York.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask for leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

# FACTS COMMON TO ALL COUNTS

*The Photo Agencies and the Photographs that Frame this Dispute*

6. Backgrid is one of Hollywood's largest celebrity-photograph agencies that regularly licenses celebrity-driven content to top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration of up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, Backgrid own the coveted Kylie Jenner photographs at issue in this litigation. Backgrid owns at least two timely registered photographs that have been infringed by Defendant and are at issue in this litigation (hereinafter the "Jenner Photographs").

8. Backgrid filed for copyright registration of its Jenner Photographs within 90 days of their first publication with the United States Copyright Office.

*Defendants and Their Willful Infringing Activity*

9. Illesteva is a high-end sunglasses company that features handmade Italian designs. It collaborates with fashion and musical icons, such as Lou Reed, the front man of the Velvet Underground, and supermodel Jourdan Dunn. To promote its brand, it showcases celebrities who wear its products. At issue in this lawsuit are two timely registered photos of Kylie Jenner, who is best known for her involvement in "Keeping Up with the Kardashians" and her makeup brand. The photographs at issue in this lawsuit are owned by Backgrid and are timely registered with the Copyright Office. *See* Copyright registration, VA0002128720.

10. Illesteva has reproduced, distributed, displayed, and created unauthorized derivative works of the timely registered Jenner Photographs on its website, www.illesteva.com (the "Website") and on its Instagram Account and Twitter Account without consent or license, as shown in Exhibit A.

11. Illesteva has violated federal law by willfully infringing at least 2 timely registered photographs on, at least, the Website and its Instagram Account and Twitter Account, which are owned by Backgrid.

12. Illesteva has induced, caused, or materially contributed to the reproduction, distribution and public display of the Jenner Photographs, and derivatives thereof, all the while knowing that the infringing images were being used without permission, consent, or license.

13. On information and belief, at all times relevant to this dispute, Illesteva has owned, operated, and controlled its Website and operated and controlled its Instagram Account and Twitter Account and has financially benefited by displaying and reproducing the Jenner Photographs thereto.  On information and belief, Illesteva has driven significant traffic to its Website and Instagram Account and Twitter Account and increased the goodwill to its brand through the unauthorized use of the Jenner Photographs, and thereby increased its revenues through the presence of the sought-after and searched-for Jenner Photographs that frame this dispute.  Such traffic translated into a substantial ill-gotten commercial advantage and increased brand awareness as a direct consequence of the infringements.

14. Backgrid attempted to resolve this dispute with Defendant prior to filing this lawsuit. The Parties were unable to do so.

## FIRST CLAIM FOR RELIEF

### (Backgrid's Claim for Copyright Infringement, 17 U.S.C. § 501)

15. Backgrid incorporates here by reference the allegations in paragraphs 1 through 14 above.

16. Backgrid is the owner of all rights, title, and interest in the copyrights of the Jenner Photographs that frame this dispute, which substantially consist of material that is wholly original copyrightable subject matter under the laws of the United States.

17. Backgrid filed for copyright registration of the Jenner Photographs with the United States Copyright Office within 90 days of their first publication.

18. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Jenner Photographs for purposes of trade in violation of 17 U.S.C. §§ 501 *et seq.*

19. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

20. Backgrid has identified at least 2 instances of infringement by way of unlawful reproduction and display of the Illesteva Photographs.

21. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

22. Illesteva has willfully infringed, and unless enjoined will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing Backgrid's photographs by, among other things, virtue of Illesteva's encouragement of the infringement and financial benefit it receives from infringement of Backgrid's copyrights.

23. Defendant's wrongful acts have caused, and are causing, injury to Backgrid, which injury cannot be accurately computed, unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury for which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

24. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 300,000 in statutory damages for the at-least 2 infringed photographs, in addition to its attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all the Jenner Photographs, including on Instagram and Twitter;

2. That pursuant to 17 U.S.C. § 504 (a)(1) & (b) an accounting be made of all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights;

3. Pursuant to under 17 U.S.C. § 504 (a)(1) & (b) for actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, and for all damages suffered by Plaintiff by reasons of Defendant's acts;

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505, and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: September 24, 2021            **ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan
    Peter R. Afrasiabi

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

6
**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demand trial by jury of all issues so triable under the law.

Dated: September 24, 2021  **ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan
    Peter R. Afrasiabi

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

**COMPLAINT**